UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| DOUGLAS LONGHINI, Individually, | : | Case No.: |
| Plaintiff, | : | |
| v. | : | |
| MEDLEY CANAL COMPANY, a Florida for profit Corporation, and ALONSOS CATERING CORP., d/b/a ESHU'S CAFÉ, a Florida for profit Corporation, | : | |
| Defendants. | : | |

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, DOUGLAS LONGHINI, (hereinafter "Plaintiff"), hereby sues the Defendants, MEDLEY CANAL COMPANY, a Florida for profit Corporation, and ALONSOS CATERING CORP., d/b/a ESHU'S CAFÉ, a Florida for profit Corporation, for injunctive relief, attorneys' fees, litigation expenses and costs, for failing to make its facilities accessible to Americans with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and alleges as follows:

**JURISDICTION& VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. All of the actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facilities are located in Miami-Dade County, Florida. 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, DOUGLAS LONGHINI, is an individual residing in Miami-Dade County, Florida. His home address is 5205 S.W. 141 Ave., Miami, Florida 33175.

6. Plaintiff, DOUGLAS LONGHINI, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, being he suffers from cerebral palsy. Plaintiff relies on a wheelchair to ambulate and has limited use of his hands. He is limited in one or more of life's major activities, including but not limited to walking, standing, grabbing, and grasping.

7. Plaintiff, DOUGLAS LONGHINI, travels throughout Miami-Dade, in his capacity as an ADA tester, and as a patron.

8. Plaintiff has been a customer of Eshu's Cafe, and he intends to return in the very near future.

9. The ADA violations set forth herein, have endangered Plaintiff's safety, and will in the future continue to endanger his safety, until the barriers are corrected.

10. Defendant, MEDLEY CANAL COMPANY, property is located at 9090 N.W. South River Drive, Medley, Florida 33166.

11. Defendant MEDLEY CANAL COMPANY, is a Florida corporation, is authorized to, and does, transact business in the State of Florida.

12. MEDLEY CANAL COMPANY, (hereinafter referred to as the "Defendant" or "MEDLEY"), is the owner and/or lessor and/or operator of the commercial facility located at

9090 N.W. South River Drive, Medley, Florida 331 (hereinafter referred to as "9090 N.W. South River Drive commercial facility", "commercial facility", or "facility").

13. Defendant, ALONSOS CATERING CORP., d/b/a ESHU'S CAFÉ, (hereinafter referred to as the "Defendant" or "ALONSOS CATERING"), is the owner and/or lessor and/or operator of a restaurant located at 9090 N.W. South River Drive commercial facility.

14. Plaintiff plans to return to the subject commercial facility but has encountered barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG").

## GENERAL FACTS

15. On April 8, 2021, Plaintiff, visited Eshu's Café located at the 9090 N.W. South River Drive commercial facility.

16. Plaintiff has a realistic, credible, existing and continuing threat of discrimination form the Defendants' non-compliance with the ADA with respect to the property as described. Plaintiff has reasonable cause to believe he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

17. Plaintiff desires to have access to places of public accommodations in order to enjoy the full and equal enjoyment of the facilities as that of an able-bodied person. Plaintiff as an ADA tester accomplishes this goal by visiting the location, engaging and observing all of the illegal barriers to access, or at least those he is able to observe or access. Plaintiff intends to visit the 9090 N.W. South River Drive commercial facility and the restaurant Eshu's Café to verify compliance or non-compliance with the ADA.

18. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the building, as prohibited by 42 U.S.C. § 12182 *et seq*., as described in paragraphs 20 and 23 of this Complaint.

19. Plaintiff was not able to, and still cannot, access significant portions of the 9090 N.W. South River Drive commercial facility, or avail himself of the various goods and services Defendant, MEDLEY, otherwise offer to able-bodied individuals.

20. A preliminary inspection of the 9090 N.W. South River Drive commercial facility shows that violations exist. These violations that Plaintiff has personally encounter or observed include, but are not limited to:

## PARKING

a. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope, preventing Plaintiff's safe unloading from vehicles and accessing facilities. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards; and

b. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope, preventing Plaintiff's safe unloading from vehicles and accessing facilities. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards; and

c. The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards; and

## ENTRANCE ACCESS AND PATH OF TRAVEL

d. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards; and

e. The Plaintiff had difficulty entering tenant spaces without assistance, as the required maneuvering clearance is not provided. Violation: The tenant entrance doors do not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards; and

f. The Plaintiff had difficulty entering tenant spaces without assistance, as the door hardware requires tight grasping. Violation: The tenant entrance doors have non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards; and

g. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403; and

h. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards; and

i. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards; and

j. The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards; and

k. The Plaintiff could not use buzzers at entrances without assistance, as they are mounted too high. Violation: There are buzzers provided for public use, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards.

21. The Defendant, MEDLEY, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility, as identified in paragraphs 20 (a)-(k), in violation of 28 C.F.R. § 36.211.

22. Plaintiff was not able to, and still cannot, access significant portions of the restaurant Eshu's Café, or avail himself of the various goods and services Defendant, ALONSOS CATERING, otherwise offer to able-bodied individuals.

23. A preliminary inspection of the restaurant Eshu's Café shows that violations exist. These violations that Plaintiff has personally encounter or observed include, but are not limited to:

## ACCESS TO GOODS AND SERVICES

a. The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards; and

b. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards; and

## PUBLIC RESTROOM(S)

c. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards; and

d. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards; and

e. The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating

        Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards; and

    f.   The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards; and

    g.   The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable; and

    h.   The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards; and

24.    The Defendant, ALONSOS CATERING, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility, as identified in paragraphs 23 (a)-(h), in violation of 28 C.F.R. § 36.211.

25.  Due to the architectural barriers encountered, all areas of the premises were not experienced or observed by Plaintiff. Therefore, the above lists of ADA violations are not to be considered all-inclusive. A *complete* list of violations at the commercial facility and the place of public accommodation, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

26.  Correcting each of the barriers in paragraphs 20 (a) through (k) of this Complaint are readily achievable.

---

[1] Rule 34 of the Federal Rules of Civil Procedure.

27. Correcting each of the barriers in paragraphs 23 (a) through (h) of this Complaint are readily achievable.

28. All of the barriers identified in paragraphs 20 and 23 are also violations of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

29. The barriers prevent and deter Plaintiff from returning to the subject commercial facility and the place of public accommodation to enjoy the goods and services available to the public.

30. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the subject commercial facility and the place of public accommodation, and has otherwise been discriminated against and damaged because of Defendants' existing ADA violations, including, but not limited to, those set forth herein.

31. The violations set forth herein infringe on Plaintiff's right to travel free of discrimination.

**COUNT I**
**AMERICANS WITH DISABILITIES ("ADA")**
**ACTION FOR INJUNCTIVE RELIEF**

32. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

33. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 32 of this Complaint as if fully stated herein.

34. At all times relevant to this action, the ADA, 42 U.S.C. § 12101, *et seq.*, was in full force and effect and applies to Defendants' conduct or omissions thereof.

35. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendant's conduct.

36. The objective of the ADA is to eliminate discrimination against individual with disabilities. Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

37. Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination under the ADA further includes "the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

38. 28 CFR § 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

39. It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

40. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

41. At all times relevant to this action, Defendants commercial facility and the tenant spaces are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

42. Defendants have deprived Plaintiff the equal opportunity to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing therein.

43. Defendants are discriminating against the Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

44. Defendants, through the actions outlined above, are denying the Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendants. 42 U.S.C. §12182; 28 C.F.R. § 36.202.

45. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. By failing to remove the barriers described in paragraphs 20 and 23, Defendants are preventing Plaintiff from being a productive member of society. The accessibility guidelines implemented by the U.S. government ensures that every member of our society will be able to live and produce to the best of their abilities.

46. A remedy in equity is warranted, and the public interest would be served by an injunction to prevent ongoing discrimination based on disability under the ADA in the event the Defendants fail to remove the barriers and bring the 9090 N.W. South River Drive commercial facility and restaurant Eshu's Café into compliance with the ADA.

47. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendants' places of public accommodation since January 26, 1992, then the

Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

48.  Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $50,000.00 or less).

49.  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

50.  The Plaintiff demands a non-jury trial on all issues to be tried herein.

51.  Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.   Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants.

52.  Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*;

B. Injunctive relief against the Defendants, MEDLEY CANAL COMPANY, a Florida for profit Corporation, and ALONSOS CATERING CORP., d/b/a ESHU'S CAFÉ, including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

C. Award Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

D. Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: July 28, 2021

Respectfully submitted,

By: /S/ Camilo F. Ortega
Camilo F. Ortega, Esq.,
Florida Bar No.: 0075387
ORTEGA LAW GROUP, P.A.,
**REGENCY SQUARE**
2440 SE FEDERAL HIGHWAY
SUITE M
STUART, FLORIDA 34994
Ph: (786) 452-9709

Fax: (713) 246-7914
E-Mail: camilo@ortegalawgroup.com
Service by E-Mail:
attorneyservice@ortegalawgroup.com